CERTIFIED MAIL 70211970000047625388

Case Number: 2022CI11916

Merced Housing Texas VS Third Coast Insurance Company
(Note. Attached Document May Contain Additional Litigants.)

CITATION

IN THE 150th District Court
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**
DIRECTED TO: Third Coast Insurance Company
By Serving Its Secretary Bobbi Elliott
200 N Grand River Ave
Lansing MI 48901-7968

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said **PLAINTIFF'S ORIGINAL PETITION** was filed on this **the 27th day of June, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT 30TH DAY OF JUNE, 2022.

**WILLIAM N ALLAN, IV**
**ATTORNEY FOR PLAINTIFF**
**13526 GEORGE RD STE 200**
**SAN ANTONIO TX 78230-3080**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

San Antonio, Texas 78205
By: /s/ *Maria Hernandez*
Mario Hernandez, Deputy

---

| Merced Housing Texas VS Third Coast Insurance Company | Officer's Return | Case Number: 2022CI11916 |
|---|---|---|
| | | Court: 150th District Court |

Came to hand on the 30th day of June, 2022, at 3:42 PM and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, 20_____, by delivering to: _____ at 200 N Grand River AVE Lansing MI 48901-7968 a true copy of this CITATION, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with PLAINTIFF'S ORIGINAL PETITION.

Cause of failure to execute this is
_____.



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: /s/ *Maria Hernandez*
Mario Hernandez, Deputy

# EXHIBIT C-1

FILED
6/27/2022 5:44 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez
Bexar County - 150th District Court

CIT CML SACK
6/29

# 2022CI11916

CAUSE NO. _____

| MERCED HOUSING TEXAS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| THIRD COAST INSURANCE | § | |
| COMPANY | § | BEXAR COUNTY, TEXAS |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JORGE LEAL ("Plaintiff"), complaining of THIRD COAST INSURANCE COMPANY ("Defendant"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

### II. PARTIES

Plaintiff, MERCED HOUSING TEXAS, is a resident of Bexar County, Texas.

Defendant, THIRD COAST INSURANCE COMPANY ("TCI") is a corporation engaged in the business of insurance in this state. As per the insurance policy at issue, Defendant may be served with process by serving its designated agent by certified mail, return receipt requested, as follows:

Plaintiff's Original Petition 1

Bobbi Elliott, Secretary
Third Coast Insurance Company
200 N Grand River Avenue
Lansing, Michigan 48901-7968.

**Plaintiff requests service at this time.**

### III. AGENCY AND RESPONDEAT SUPERIOR / ALTER EGO / JOINT ENTERPRISE

Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the damages sought are within the jurisdictional limits of the Court.

Venue is proper in Bexar County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Bexar County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

A. Plaintiff is the owner of a policy no. STR7-032953-20, issued by Defendant (the "Policy").

B. Plaintiff owns the insured property, which is specifically known as the Stablewood Farms Apartment Homes located at 8301 Lake Vista Drive, San Antonio, Texas 78227 (the "Property"). The Property is a multi-family residential apartment complex composed of

AF LANSING 07/13/2022

approximately 23 buildings spanning 192,000+ square feet, for a total of 252 units, plus office, common areas, and multiple stall garages.



C. Defendant, or its agent, sold the Policy, insuring the Property, to Plaintiff.

D. Plaintiff experienced one or more storm(s) (the "storm") that damaged the Property during the Policy period.

E. Plaintiff timely submitted a claim to Defendant for the loss. Defendant assigned claim number 15934 to Plaintiff's claim. Defendant assigned one or more adjuster(s) to adjust the claim who acted as agent(s) of Defendant.

F. Defendant was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damages done to Plaintiff's Property. Defendant failed to fulfil this responsibility.

G.  Despite substantial evidence to the contrary, Defendant determined that no payment was due on Plaintiff's claim. Thus, Defendant demonstrated it did not conduct a thorough investigation of the claim.

H.  Defendant failed to fairly evaluate and adjust Plaintiff's claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair insurance and settlement practices prohibited under Texas law.

I.  Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to properly pay proceeds of the Policy, although due demands were made for proceeds to be paid in amounts sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract.

J.  Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damages were caused by covered perils. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

K.  Defendant's denial of the claim misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code, Tex. Ins. Code § 541.051(1)(B).

L.  Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a

violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

M. Defendant failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

N. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

O. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation of the claim. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

P. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the

statutorily mandated deadlines. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

Q. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadlines of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

R. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant delayed full payment of Plaintiff's claim longer than allowed, and to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

S. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendant has failed to and refuses to pay Plaintiff for the proper repair or replacement of the Property.

U. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a

Plaintiff's Original Petition                                               6

general business practice of Defendant with regard to handling this type of claim. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant has violated Section 542 by failing to timely acknowledge receipt of Plaintiff's claim, investigate Plaintiff's claim, or request from Plaintiff all items, statements, and forms that they reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.055. Defendant has

also violated Section 542 by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.056. Defendant has further violated Section 542 by failing to pay the full value of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Defendant owe Plaintiff any additional monies on Plaintiff's claim, then Defendant will have automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

## C. DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters.

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendant's violations include, without limitation:

A. (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair or replacement of covered damages to Plaintiff's Property on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.  As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.  As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.  As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.  Defendant has breached an express warranty that the damage caused by the subject storm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.  Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.  Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

AF LANSING 07/9/2022

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair or replacement of covered damages to Plaintiff's Property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendans is guilty of the following unfair insurance practices:

- A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;
- B. Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;
- C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(1). *see* Tex. Ins. Code § 541.060(a)(2);

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

G. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably

delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VIII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX. DAMAGES

The above described acts, omissions, failures, and conduct of Defendant caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the damages to Plaintiff's Property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus a percentage of per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## X. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under Texas Rule of Civil Procedure 194, Defendant is required to disclose the information or material described in Texas Rule of Civil Procedure 194.2(b)(1) through (12) within 30 days after the filing of its answer or general appearance.

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**WILL ALLAN LAW FIRM, PLLC**
13526 George Rd., Suite 200
San Antonio, Texas 78230
Telephone: (210) 742-9455
Telecopier: (210) 742-4742
serveall@willallanlaw.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
**ATTORNEYS FOR PLAINTIFF**

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

*RETURN SERVICE REQUESTED*



7021 1970 0000 4762 5388

Third Coast Insurance Company
Secretary: Bobbi Elliott
200 N Grand River Ave
Lansing, MI 48901-7968

Maro Hernandez Citation Certified Mail 2022ci11936



US POSTAGE PITNEY BOWES
ZIP 78204
02 4W $008.36
0000350931 JUL 01 2022

AF LANSING 07/13/2022