IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MERCED HOUSING TEXAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. SA-22-CV-876-FB |
| THIRD COAST INSURANCE COMPANY, | § § § § | |
| Defendant. | § § § | |

# DEFENDANT THIRD COAST INSURANCE COMPANY'S SECOND AMENDED ANSWER

Defendant THIRD COAST INSURANCE COMPANY ("Third Coast" or "Defendant") files its Second Amended Answer to Plaintiff's Original Petition and, in support thereof, respectfully shows as follows:

## I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

1. This paragraph contains conclusions of law for which no response is required.

2. This paragraph contains conclusions of law for which no response is required. To the extent a response may be deemed necessary, Third Coast does not challenge the monetary relief sought by Plaintiff.

## II. PARTIES

3. Third Coast admits that Merced Housing Texas ("Plaintiff") is a party to this lawsuit. Third Coast cannot admit or deny the remaining factual allegations in Paragraph 3 as it lacks sufficient information to justify a belief as to the truth of the matters asserted.

4. In response to Paragraph 4, Third Coast has appeared in this lawsuit and is not challenging service of process.

### III. AGENCY AND RESPONDEAT SUPERIOR/ALTER EGO/JOINT ENTERPRISE

5. This paragraph contains conclusions of law for which no response is required. To the extent a response may be deemed necessary, Third Coast denies the allegations contained in Paragraph 5.

### IV. JURISDICTION AND VENUE

6. This paragraph contains conclusions of law for which no response is required. To the extent a response may be deemed necessary, Third Coast removed this action to the Western District of Texas on the basis of diversity of citizenship jurisdiction.

7. This paragraph contains conclusions of law for which no response is required. To the extent a response may be deemed necessary, Third Coast does not challenge venue.

### V. CONDITIONS PRECEDENT

8. Third Coast denies the allegations contained in Paragraph 8.

### VI. FACTS

9. Third Coast admits the allegation contained in this Paragraph.

10. Third Coast admits that it insured the property known as the Stablewood Farms Apartment Homes located at 8301 Lake Vista Drive, San Antonio, Texas 78227. Third Coast cannot admit or deny the remaining factual allegations in Paragraph 10, also labeled as B, as it lacks sufficient information to justify a belief as to the truth of the matters asserted.

11. Third Coast denies the allegations contained in Paragraph 11, also labeled as C.

12. Third Coast denies the allegations contained in Paragraph 12, also labeled as D.

13. Third Coast admits that Plaintiff submitted an insurance claim, to which it assigned claim number 15934. Third Coast further admits that it assigned an adjuster to evaluate the claim on its behalf. Third Coast denies the remaining allegations in Paragraph 13, also labeled as E, as

written.

14. Third Coast admits that it must conduct a thorough and reasonable investigation of Plaintiff's claim. Third Coast denies the remaining allegations in Paragraph 14, also labeled as F, as written.

15. Third Coast admits that it determined that no payment was owed for Plaintiff's claim. Third Coast denies the remaining allegations in Paragraph 15, also labeled as G.

16. Third Coast denies the allegations contained in Paragraph 16, also labeled as H.

17. Third Coast denies the allegations contained in Paragraph 17, also labeled as I.

18. Third Coast denies the allegations contained in Paragraph 18, also labeled as J.

19. Third Coast denies the allegations contained in Paragraph 19, also labeled as K.

20. Third Coast denies the allegations contained in Paragraph 20, also labeled as L.

21. Third Coast denies the allegations contained in Paragraph 21, also labeled as M.

22. Third Coast denies the allegations contained in Paragraph 22, also labeled as N.

23. Third Coast denies the allegations contained in Paragraph 23, also labeled as O.

24. Third Coast denies the allegations contained in Paragraph 24, also labeled as P.

25. Third Coast denies the allegations contained in Paragraph 25, also labeled as Q.

26. Third Coast denies the allegations contained in Paragraph 26, also labeled as R.

27. Third Coast denies the allegations contained in Paragraph 27, also labeled as S.

28. Third Coast denies the allegations contained in Paragraph 28, also labeled as T.

29. Third Coast denies the allegations contained in Paragraph 29, also labeled as U.

### VII.   THEORIES OF LIABILITY

30. Paragraph 30 does not contain any factual allegations directed at Third Coast but only incorporates by reference all previous and subsequent paragraphs of Plaintiff's Original

Petition. As such, no response from Third Coast is necessary. To the extent a response from Third Coast is required, Third Coast incorporates by reference all of its responses to all previous and subsequent paragraphs of Plaintiff's Original Petition.

31.     Third Coast denies the allegations contained in Paragraph 31. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

32.     Third Coast denies the allegations contained in Paragraph 32. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

33.     Paragraph 33 does not contain any factual allegations directed at Third Coast but only incorporates by reference all previous and subsequent paragraphs of Plaintiff's Original Petition. As such, no response from Third Coast is necessary. To the extent a response from Third Coast is required, Third Coast incorporates by reference all of its responses to all previous and subsequent paragraphs of Plaintiff's Original Petition.

34.     Third Coast denies the allegations contained in Paragraph 34. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

35.     Paragraph 35 does not contain any factual allegations directed at Third Coast but only incorporates by reference all previous and subsequent paragraphs of Plaintiff's Original Petition. As such, no response from Third Coast is necessary. To the extent a response from Third Coast is required, Third Coast incorporates by reference all of its responses to all previous and subsequent paragraphs of Plaintiff's Original Petition.

36.     Paragraph 36 does not contain any factual allegations directed at Third Coast but only incorporates all allegations of Plaintiff's Original Petition for a cause of action against Third Coast under the provisions of the DTPA. As such, no response from Third Coast is necessary. To the extent a response from Third Coast is required, Third Coast incorporates by reference all of its

responses to all previous paragraphs of Plaintiff's Original Petition.

37. Third Coast denies the allegations contained in Paragraph 37. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

38. Third Coast denies the allegations contained in Paragraph 38, also labeled as A.

39. Third Coast denies the allegations contained in Paragraph 39, also labeled as B.

40. Third Coast denies the allegations contained in Paragraph 40, also labeled as C.

41. Third Coast denies the allegations contained in Paragraph 41, also labeled as D.

42. Third Coast denies the allegations contained in Paragraph 42, also labeled as E.

43. Third Coast denies the allegations contained in Paragraph 43, also labeled as F.

44. Third Coast denies the allegations contained in Paragraph 44, also labeled as G.

45. Third Coast denies the allegations contained in Paragraph 45. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

46. Paragraph 46 does not contain any factual allegations directed at Third Coast but only incorporates by reference all previous and subsequent paragraphs of Plaintiff's Original Petition. As such, no response from Third Coast is necessary. To the extent a response from Third Coast is required, Third Coast incorporates by reference all of its responses to all previous and subsequent paragraphs of Plaintiff's Original Petition.

47. Third Coast denies the allegations contained in Paragraph 47. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

48. Third Coast denies the allegations contained in Paragraph 48, also labeled as A.

49. Third Coast denies the allegations contained in Paragraph 49, also labeled as B.

50. Third Coast denies the allegations contained in Paragraph 50, also labeled as C.

51. Third Coast denies the allegations contained in Paragraph 51, also labeled as D.

52. Third Coast denies the allegations contained in Paragraph 52, also labeled as E.

53. Third Coast denies the allegations contained in Paragraph 53, also labeled as F.

54. Third Coast denies the allegations contained in Paragraph 54, also labeled as G.

55. Third Coast denies the allegations contained in Paragraph 55. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

56. Third Coast denies the allegations contained in Paragraph 56. Third Coast further denies the allegations of this paragraph to the extent the allegations constitute a legal conclusion.

57. Paragraph 57 does not contain any factual allegations directed at Third Coast but only incorporates by reference all previous and subsequent paragraphs of Plaintiff's Original Petition. As such, no response from Third Coast is necessary. To the extent a response from Third Coast is required, Third Coast incorporates by reference all of its responses to all previous and subsequent paragraphs of Plaintiff's Original Petition.

58. Third Coast denies the allegations contained in Paragraph 58.

### VIII.   WAIVER AND ESTOPPEL

59. Paragraph 59 does not contain any factual allegations directed at Third Coast but only legal conclusions. As such, no response from Third Coast is necessary. Out of an abundance of caution, Third Coast also denies any factual allegations in this paragraph directed at it.

### IX.   DAMAGES

60. Paragraph 60 does not contain any factual allegations directed at Third Coast but only legal conclusions. As such, no response from Third Coast is necessary. Out of an abundance of caution, Third Coast also denies any factual allegations in this paragraph directed at it.

### X.   ADDITIONAL DAMAGES

61. Paragraph 61 does not contain any factual allegations directed at Third Coast but

only legal conclusions. As such, no response from Third Coast is necessary. Out of an abundance of caution, Third Coast also denies any factual allegations in this paragraph directed at it.

## XI.     EXEMPLARY DAMAGES

62.     Paragraph 62 does not contain any factual allegations directed at Third Coast but only legal conclusions. As such, no response from Third Coast is necessary. Out of an abundance of caution, Third Coast also denies any factual allegations in this paragraph directed at it.

## XII.     ATTORNEYS' FEES

63.     Paragraph 63 does not contain any factual allegations directed at Third Coast but only legal conclusions. As such, no response from Third Coast is necessary. Out of an abundance of caution, Third Coast also denies any factual allegations in this paragraph directed at it.

## XIII.     SPECIFIC DENIALS, ALTERNATIVE DEFENSES, AND AFFIRMATIVE DEFENSES

Without waving the foregoing, and for further answer, if any be necessary, Third Coast asserts the following conjunctive and/or alternative specific denials, alternative defenses, and affirmative defenses:

64.     Third Coast denies that it breached any terms or conditions of Third Coast Insurance Company policy number PROP-STR7-032953-20.

65.     Plaintiff's damages, if any, are the result of acts or omissions, fault, negligence, breach of contract, violation of statute, or breach of duty, by or of persons, entities, or parties over whom Defendant had no control and for whom Defendant has no legal responsibility.  Such acts or omissions were the sole cause, sole proximate cause, producing cause, or a new and independent intervening or superseding cause of the alleged injuries to Plaintiff.

66.     Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts or omissions, negligence, or breach or that of its agents, representatives or employees.

67. Plaintiff's claims and the damages it seeks are barred because Plaintiff has failed to comply with or satisfy conditions precedent.

68. The Third Coast Policy contains conditions which must be met in order for Plaintiff to receive payment for loss under the Third Coast Policy. Nothing is owed under the Third Coast Policy unless Plaintiff demonstrates that covered loss or damage that occurred during the policy period exceeds the Third Coast Policy's deductible that applies to each storm occurrence. Plaintiff has failed to do so.

69. The Third Coast Policy limits payment liability to "loss or damage that commences during the [Third Coast] Policy period [12/24/20 – 12/24/21]." Therefore, Plaintiff's claims and the damages it seeks against Third Coast are limited only to damage or loss, if any, that actually occurred during the policy period of the Third Coast Policy—December 24, 2020 to December 24, 2021.

70. Under the terms of the Third Coast Policy, if the evidence shows that any of the roofs at issue were in place more than 15 years and 1 day before the alleged date of loss, the covered loss for that roof, if any, is valued at Actual Cash Value and not replacement cost.

71. Plaintiff did not make the repairs/replacements that it claims were necessary due to alleged storm damage within 365 days of its alleged date of loss. Under the terms of the Third Coast Policy, Plaintiff may not recover for any covered damage more than the Actual Cash Value at the time of the loss of the property alleged to have been damaged or destroyed (i.e., cannot recover on a Replacement Cost basis). Further, even if Plaintiff could recover on a Replacement Cost basis, which is denied, Plaintiff may not recover any more than the "actual amount spent by the Named Insured that is necessary for it to repair, rebuild or replace the lost, damaged or destroyed property."

72.     Similarly, because Plaintiff did not make the necessary repairs or replacements within 365 days of its alleged date of loss, Plaintiff is not entitled to recover for any increased cost of repair or reconstruction of the damaged property caused by the enforcement of an ordinance or law in force at the time of loss regulating the construction or repair of buildings for any damaged property.

73.     If Plaintiff failed to mitigate, minimize, or avoid its alleged loss or damage, then Defendant is not liable for any damages that could and should have been avoided or mitigated.

74.     Third Coast denies that it violated any law or statute, denies liability to Plaintiff under any theory, and denies liability to Plaintiffs for damages or other relief.

75.     Third Coast is entitled to submit issues of proportionate fault or proportionate causation in accordance with the Texas Civil Practice & Remedies Code for the percentage of responsibility assigned to each party by the trier of fact.

76.     Plaintiff's claims and the damages it seeks are barred because granting Plaintiff the relief it requests would result in unjust enrichment.

77.     Third Coast asserts offset/credit for all applicable deductibles, limits of insurance, and sublimits of insurance in the Third Coast Policy.

78.     Third Coast asserts offset/credit for payments made.

79.     In the event Plaintiff has any damages, which is expressly denied, Plaintiff has the burden to allocate between covered and uncovered damages.  Under the doctrine of concurrent causation, where covered and non-covered perils (ex: wear and tear, preexisting damage, faulty construction and maintenance) combine to create a loss, the insured is entitled to recover only that portion of the damage caused solely by the covered peril.

80.     The Third Coast Policy only covers loss or damage that commences during the

policy period and excludes coverage for loss due to diminution in value, ordinary wear and tear, deterioration, cosmetic damage, faulty and inadequate maintenance, earth movement, and nesting or infestation or discharge or release of waste products or secretions, by insects, birds, rodents, or other animals. Plaintiff is directed to the findings of the Keystone forensic engineer.  Please also note that the Policy contains a percentage deductible for windstorm damage. The Policy also provides Replacement Cost and code upgrade coverage under certain conditions (e.g., repairs completed within 365 days of the date of loss) and for some property (roofs less than 15 years old), as set forth below. Finally, the Policy also requires certain things of the Named Insured in the event of loss or damage. Plaintiff's contractual claims are barred or limited by the conditions, definitions, exclusions, limitations, and other terms/provisions in Third Coast Insurance Company insurance policy No. PROP-STR7-032953-20, and Third Coast, therefore, incorporates herein by reference the entirety of the Third Coast Insurance Company insurance policy No. PROP-STR7-032953-20, and to the extent necessary, asserts affirmatively every condition, definition, exclusion, limitation, and every other term/provision, including, but not limited to, the following:

**PROPERTY COVERAGE FORM**

NC R1 00 08 19

Various provisions in this Policy restrict coverage. Read the entire Policy, including any endorsements, carefully to determine rights, duties and what is and is not covered. Words and phrases that appear in quotation marks have special meaning; refer to Section G. (Definitions).

A. **INSURING AGREEMENT**: The Company will pay for direct physical loss or damage to Covered Property at an Insured Location as described in the most recent Statement of Values caused by or resulting from a Covered Cause of Loss. Notwithstanding any other provision in this Policy, the Company will not pay for loss to Covered Property due to any "Diminution in Value", whether the Covered Property is repaired, partially repaired or not repaired.

* * *

* * *

B. **COVERAGE:** Coverage is provided for Covered Property and Covered Costs and Expenses, as described in Sections B.1. and B.2., for which the Named Insured has an insurable interest, unless excluded in Section C. Coverage applies only when a

Sublimit of Insurance is shown in the Coverage Declarations for the specific type of Covered Property or Covered Costs and Expenses, except for Sections B.2. a., d., e., g. h. and i., which do not require a specific Sublimit of Insurance to be shown.

\* \* \*

**2. COVERED COSTS AND EXPENSES**

\* \* \*

    **f. Ordinance or Law:** If a Covered Cause of Loss causes direct physical loss or damage to Covered Property, and such direct physical loss or damage alone and directly causes the enforcement of an ordinance or law in force at the time of loss regulating the construction or repair of buildings or establishing zoning or land use requirements at the Insured Location, the Company will pay for:

\* \* \*

    (3) The increased cost of repair or reconstruction of the Covered Property caused by such enforcement when the Covered Property is insured for replacement cost. If the covered building is repaired or reconstructed, it must be intended for similar occupancy as the current building, unless otherwise required by zoning or land use ordinance or law.

    The Company will not pay for increased construction costs until the Covered Property is actually repaired or reconstructed by the Named Insured, at the same location or elsewhere, and unless the repair or replacement is made as soon as reasonably possible but not to exceed 365 days after the loss or damage occurs.

    The most the Company will pay for loss or damage under this portion of Ordinance or Law coverage is the increased cost of repair or reconstruction:

        (a) Of a building of the same size and at the same premises, or another premises if required by the ordinance or law; and

        (b) Limited to the minimum requirements of such ordinance or law regulating the repair or reconstruction of the damaged property on the same site, which is not to exceed the Sublimit of Insurance specified for Ordinance or Law – Increased Cost of Construction shown in the Coverage Declarations.

    (4) Ordinance or Law Coverages do not apply to:

\* \* \*

        (d) Costs associated with the enforcement of an ordinance or law where such enforcement is not the direct result of direct physical loss or damage to Covered Property, even if the enforcement of the ordinance or law results from an inspection of the Covered Property that sustained a Covered Cause of Loss.

\* \* \*

**C. PROPERTY AND COSTS NOT COVERED**

\* \* \*

    **17.** The costs to repair or replace pre-existing loss or damage to any building or structure, or any resulting loss or damage, at any property where such pre-existing loss or damage was caused by, resulted from, or was contributed to by, any cause of loss, whether covered or uncovered, occurring prior to an Occurrence.

* * *

**D. EXCLUSIONS**

  1. The Company will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    **a. EARTH MOVEMENT**

    (1) Any earth movement (other than Sinkhole Collapse.) including earthquake, mine subsidence, landslide, erosion, the expansion, or contraction of soil due to the presence of moisture or water, or the lack thereof, and any other earth sinking, rising, shifting or movement, all whether naturally occurring or due to manmade or other artificial causes.

    However, if earth movement results in fire or explosion, the Company will pay for the loss or damage caused by that fire or explosion.

* * *

  2. The Company will not pay for loss or damage caused by or resulting from any of the following:

* * *

    c. (1) Wear and tear or depletion;

       (2) Rust, corrosion, erosion, decay, deterioration, hidden or latent defect or any quality in the property that causes it to damage or destroy itself;

       (3) Settling, cracking, shrinking, bulging or expansion;

       (4) Nesting or infestation or discharge or release of waste products or secretions, by insects, birds, rodents or other animals;

* * *

    k. Continuous or repeated seepage, leakage or flow of water that occurs over a period of fourteen (14) days or more.

****

    m. "Cosmetic loss or damage"

* * *

  3. The company will not pay for loss or damage caused by or resulting from any of the following:

    c. Faulty, inadequate or defective:

       (1) Planning, zoning, development, surveying, siting;

       (2) Design, specifications, workmanship, repair, construction, renovation or remodeling, grading, compaction;

      (3) Materials used in repair, construction, renovation or remodeling; or

      (4) Maintenance;

of part or all of any property on or off an Insured Location.

* * *

**E. LIMITATIONS**

****

1. Company will not pay for loss of or damage to property, as described and limited in this section. In addition, the Company will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

    c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

      (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

****

**G. DEFINITIONS**

The following definitions apply to the defined terms wherever they appear in any form included in the Policy unless the term is otherwise specifically defined in an endorsement to the Policy.

1. **"Actual Cash Value"** means the cost to repair, rebuild or replace the lost or damaged property, at the time and place of the loss, with other property of comparable size, material and quality, less allowance for physical deterioration, depreciation, obsolescence and depletion.

* * *

3. **"Cosmetic loss or damage"** means damage to any portion of the roof coverings, carports, gutters or downspouts that alters only the physical appearance of any such item (including but not limited to marring, pitting, scratches or dents) but does not result in (i) damage that allows the penetration of water through the item or (ii) the failure of the item to perform its intended function of keeping out the elements for the remainder of its original, useful life. Roof coverings means the roofing material exposed to the weather, the underlayments applied for moisture protection, and all flashing and edging required in the replacement of the coverings. However, "cosmetic loss or damage" does not include damage to asphalt shingle roof coverings.

* * *

4. **"Covered Cause of Loss"** means risks of direct physical loss or damage unless the loss or damage is excluded in Section D. (Exclusions); limited in Section E. (Limitations); excluded or limited in the Declarations Certificate; or excluded or limited by endorsements or other policy forms.

* * *

13

**GENERAL CONDITIONS**

NC R5 02 08 19

All coverages included in this Policy are subject to the following conditions.

\* \* \*

**B. APPLICATION OF DEDUCTIBLES**

1. Any deductibles that apply are specified in the Coverage Declarations or in the forms or endorsements attached to this Policy.

\* \* \*

3. Percentage Deductibles

Percentage deductibles will be calculated as a percentage of Total Insured Value shown on the Statement of Values on file with the Company (including Buildings, Structures, Business Personal Property, Business Income/Rental Value and Extra Expense) for the Insured Location involved in the loss.

\* \* \*

**S. NOTICE OF LOSS AND DUTIES IN THE EVENT OF LOSS OR DAMAGE**

1. As a condition precedent to coverage under this Policy, the Named Insured must see that the following are done in the event of loss or damage:

   a. Notify the police if a law may have been broken.

   b. Give the Company prompt written notice of the loss or damage. Notice should include a description of the property involved, and a description of how, when, and where the loss or damage occurred.

   c. Promptly make claim in writing against any other party that had custody of the Covered Property at the time of loss.

   d. Take all reasonable steps to protect the Covered Property from further damage, and keep a record of expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, the Company will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

   e. At the request of the Company, give the Company complete inventories of the damaged and undamaged property, including quantities, costs, values and amount of loss claimed.

   f. As often as may be reasonably required, permit the Company to inspect the property and records proving the loss or damage and examine the Named Insured's books and records.

   g. Permit the Company to take samples of damaged and undamaged property for inspection, testing and analysis and permit the Company to make copies from the Named Insured's books and records.

   h. Send the Company a signed, sworn proof of loss containing the information that the Company requests to investigate the claim. The Named Insured must

  do this within sixty (60) days after the Company's request. The Company will supply the Named Insured with the necessary forms.

  i. Cooperate with the Company in the investigation or settlement of the claim.

2. The Company may examine any Named Insured under oath, while not in the presence of any other Named Insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including a Named Insured's books and records. In the event of an examination, a Named Insured's answers must be signed.

* * *

U. **POLICY PERIOD AND TERRITORY:** Under this Policy, the Company will cover loss or damage that commences during the Policy period as specified in the Common Policy Declarations [12/24/20 – 12/24/21] and, except as otherwise specifically provided, within the Policy Territory. The Policy Territory is the United States of America (including its territories and possessions).

* * *

**REPLACEMENT COST FORM**

NC R5 05 03 19

This modifies the Property Coverage Form

The following Valuation Provisions are added:

A. **REPLACEMENT COST**: In the event of a covered loss or damage, the Company will determine the value of Covered Property at replacement cost as of the time and place of loss, without deduction for physical deterioration, depreciation, obsolescence and depletion, except as otherwise provided in this form or as stipulated by any other endorsement(s) to this Policy. This replacement cost valuation is subject to the following conditions:

1. The Company will not pay more on a replacement cost basis than the least of:

   a. The cost to repair, rebuild or replace, at the same site, the lost, damaged or destroyed property, with other property of comparable size, material and quality; or

   b. The actual amount spent by the Named Insured that is necessary for it to repair, rebuild or replace the lost, damaged or destroyed property; or

   c. Any Limit of Insurance or Sublimit of Insurance applicable to the lost, damaged or destroyed property.

2. The Company will not pay for any loss or damage on a replacement cost basis until the property is repaired, rebuilt or replaced by the Named Insured, and then only if such repair, rebuilding or replacement is made within 365 days after the loss or damage occurs. If the property is not repaired, rebuilt or replaced by the Named Insured within 365 days after the loss or damage occurs, the value of the property will be determined at Actual Cash Value.

* * *

B. **REPLACEMENT COST EXCEPTIONS**

* * *

13. Any damage to existing roof coverings that have been in place on a building or structure of an Insured Location for more than fifteen (15) years and one (1) day will be valued at "Actual Cash Value" for the perils of Windstorm (including hail) and Named Storms.

* * *

81. Plaintiff's extra-contractual claims are barred, including, but not limited to, Plaintiff's Texas Insurance Code, Texas Prompt Payment of Claims Act, and Deceptive Trade Practices Act claims because a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to any insurance benefits from Third Coast. Third Coast is permitted to evaluate the applicability of coverage and/or value claims differently from insureds and others without facing extra-contractual liability. Third Coast's conduct and determinations were reasonable, based upon the claim's investigation and the findings of independent adjusters and engineers. Because a bona fide controversy existed and/or exists regarding coverage and/or the valuation of Plaintiff's insurance claim, liability under the Policy has not been reasonably clear at any time, and any and all extra-contractual claims are barred.

82. Plaintiff's extra-contractual claims are barred because its contract claims are barred.

83. Plaintiff's extra-contractual claims are also barred because Plaintiff has no injury other than its alleged loss of policy proceeds.

84. Plaintiff's extra-contractual claims are also barred because there are no facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the Texas Insurance Code, the Texas Prompt Payment of Claims Act, the Deceptive Trade Practices Act, or an alleged breach of the duty of good faith and fair dealing. There is no conduct on the part of Third Coast which would subject Third Coast to liability under Chapters 541 and 542 of the Texas Insurance Code. Further, Third Coast specifically states that Third Coast did not, knowingly or otherwise, make any false, fraudulent, or negligent misrepresentations to Plaintiff.

85. Third Coast pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

86. Plaintiff is not entitled to attorneys' fees, if any, because it has asserted an excessive "demand." Plaintiff has acted unreasonably in demanding monies to which it is not entitled, thereby also rendering its "demand" unreasonable and excessive.

87. Third Coast specifically pleads that any award of exemplary damages must be supported by clear and convincing evidence. Further, Third Coast specifically pleads that if any exemplary damages are awarded, said damages are subject to the statutory limit set forth in the Texas Civil Practice and Remedies Code § 41.001, et. seq., other applicable statutory authority, and common law.

88. Third Coast reserves the right to amend this answer at a future date in accordance with the Federal Rules of Civil Procedure.

**PRAYER**

Accordingly, Third Coast respectfully prays that the Court enter judgment in favor of Third Coast and against Plaintiff on all claims and causes of action by Plaintiff and that Plaintiff take nothing in this case; that Third Coast recover its costs; and that Third Coast be awarded such other and further relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

By: */s/ Stephen R. Wedemeyer*
    **Stephen R. Wedemeyer**
    State Bar No. 00794832
    swedemeyer@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Telephone: (832) 415-1801
    Fax: (832) 565-9030

**ATTORNEYS FOR DEFENDANT THIRD COAST INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on December 5, 2022.

| | |
|---|---|
| William N. Allan IV<br>Bryce Duke<br>Will Allan Law Firm, PLLC<br>13526 George Rd., Suite 200<br>San Antonio, Texas 78230<br>Telephone: (210) 742-9455<br>serveall@willallanlaw.com | *Via electronic service* |

                                            */s/ Stephen Wedemeyer*
                                            Stephen Wedemeyer